## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**July 27, 2015**

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**DUANE EUGENE GUMP,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1021** (BOR Appeal No. 2048149)
               (Claim No. 990028870)

**CONSOLIDATION COAL COMPANY/EASTERN REGION SHOEMAKER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Duane Eugene Gump, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company/Eastern Region Shoemaker did not file a response.

This appeal arises from the Board of Review's Final Order dated September 10, 2013, in which the Board affirmed a January 30, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 28, 2011, decision to not grant any additional permanent partial disability award as the prior 15% permanent partial disability award related to the neck and 6% permanent partial award related to the right shoulder fully compensated Mr. Gump. The Office of Judges further ordered that the case be remanded back to the claims administrator for further evaluation of the thoracic spine and entry of a new protestable order based upon that evaluation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Gump was an underground miner who was riding in an underground mine shuttle on September 4, 1998, for his employer Consolidated Coal Company, when his head struck a low hanging pipeline. This precipitated an injury to his back and shoulder. Mr. Gump filed for workers' compensation benefits and the claim was held compensable for thoracic sprain, a cervical strain, and cervical disc displacement. On October 25, 1999, Mr. Gump reported to Samuel Vukelich, M.D., for an independent medical examination. Dr. Vukelich recommended 6% whole person impairment for the shoulder injury and 5% whole person impairment for the lower back. John Griffith, M.D., also performed an independent medical examination of Mr. Gump on October 10, 2000. Dr. Griffith opined that Mr. Gump had 6% whole person impairment related to his shoulder and 5% whole person impairment related to his lower back. Based upon the reports of Drs. Griffith and Vukelich the claims administrator granted Mr. Gump an 11% permanent partial disability award on November 17, 2000. On March 30, 2002, Mr. Gump had another independent medical evaluation by Larry Degarmeaux, M.D. Dr. Degarmeaux opined that the Mr. Gump had 14% whole person impairment related to the spine. On April 18, 2002, the claims administrator accepted the report of Dr. Degarmeaux and granted Mr. Gump 15% permanent partial disability related to the thoracic spine injury component of the compensable injury.

On July 6, 2006, Mr. Gump reported to Bruce Guberman, M.D., for an independent medical evaluation. Dr. Guberman recommended 8% whole person impairment for the shoulder, 7% whole person impairment for the cervical spine, and 7% whole person impairment for the thoracic spine. Based upon Dr. Guberman's July 6, 2006 report, Mr. Gump filed to have his claim reopened for permanent partial disability. The claims administrator rejected Dr. Guberman's report and determined the previous award of 15% permanent partial disability fully compensated Mr. Gump. Mr. Gump protested and asserted he was entitled to an extra 7% permanent partial disability related to his thoracic spine. On September 22, 2011, Mr. Gump had an independent medical examination from Joseph E. Grady II, M.D., who opined that for the cervical spine Mr. Gump suffered 11% whole person impairment related to the range of motion deficits.[1] Comparing this impairment rating to the ranges found in Cervical Category II of West Virginia Code of State Rules § 85-20-E (2006), he adjusted the award to 8% whole person impairment. Dr. Grady found 1% whole person impairment based upon shoulder flexion. However, Dr. Grady apportioned all the range of motion deficit to a subsequent injury that required surgery and found no impairment related to this injury.

The Office of Judges determined that Mr. Gump was not entitled to more than a 15% permanent partial disability award related to cervical spine and shoulder. The Office of Judges noted that on the issue of the shoulder and the cervical spine no report was more persuasive than Dr. Grady's because Dr. Grady's report is five years more recent than any other report. Because Dr. Grady suggested less than 15% permanent partial disability, the Office of Judges determined an award of 15% permanent partial disability fully compensated Mr. Gump for his shoulder and cervical spine injuries. On the issue of the whole person impairment related to the thoracic spine,

---

[1] Mr. Gump did not seek a reopening of his claim at this time due to continued litigation concerning coverage and treatment.

the Office of Judges noted that Mr. Gump has made no complaints about his thoracic spine, and has never had any treatment for it. Furthermore, the Office of Judges concluded that it does not appear that he has ever asked for any treatment related to his thoracic spine. However, because the thoracic spine was included as a compensable component in this claim and it has not been evaluated, the Office of Judges remanded the issue to the claims administrator for an independent medical evaluation of the thoracic spine. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The findings of the Office of Judges and the conclusions of the Board of Review should be affirmed. Mr. Gump has failed to prove that he is entitled to any more than a 15% permanent partial disability award. Both Drs. Griffith and Vukelich agree that 11% permanent partial disability covers the shoulder and spine impairment. However, Dr. Degarmeaux determined that Mr. Gump suffered 14% whole person impairment related to the spine injury. Dr. Guberman found 7% whole person impairment in the cervical spine and 8% whole person impairment for the shoulder, which equates to 14% whole person impairment utilizing the Combined Values Chart of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Grady only found 8% whole person impairment related to the cervical spine and he found 0% impairment for his shoulder. As a result, the highest disability rating for the shoulder and back combined is 14% whole person impairment. Accordingly, an award of 15% permanent partial disability for his neck and 6% permanent partial disability for his shoulder fully compensated him for his injuries. In regard to the thoracic spine, the Office of Judges remanded the issue to the claims administrator for further evaluation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II